## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF SOUTH DAKOTA
##### ROOM 211
##### FEDERAL BUILDING AND U.S. POST OFFICE
##### 225 SOUTH PIERRE STREET
#### PIERRE, SOUTH DAKOTA  57501-2463

**IRVIN N. HOYT**                                               TELEPHONE (605) 224-0560
BANKRUPTCY JUDGE                                                    FAX (605) 224-9020

May 18, 2006


James A. Craig, Esq.
Attorney for Plaintiff-Debtor
714 West 41st Street
Sioux Falls, South Dakota   57105-6406

Michael A. Henderson, Esq.
Attorney for Defendant ECMC
Post Office Box 1157
Sioux Falls, South Dakota   57101

> Subject: ***Nancy Hup v. Wells Fargo Education Financial Services, et al. (In re Nancy Hup)***
> Adversary No. 05-4040
> Chapter 7; Bankr. No. 05-40604

Dear Counsel:

The matter before the Court is Plaintiff-Debtor Nancy Hup's motion for summary judgment.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).  This letter decision and accompanying order shall constitute the Court's findings and conclusions under Fed.R.Bankr.P. 7052. As set forth below, Plaintiff-Debtor's motion will be denied.

**Discussion.**  Summary judgment is appropriate when "there is no genuine issue [of] material fact and . . . the moving party is entitled to a judgment as a matter of law."  Fed.R.Bankr.P. 7056 and Fed.R.Civ.P. 56(c).  The movant meets his burden if he shows the record does not contain a genuine issue of material fact and he points out that part of the record that bears out his assertion. *Handeen v. LeMaire*, 112 F.3d 1339, 1346 (8th Cir. 1997) (quoting therein *City of Mt. Pleasant v. Associated Electric Coop*, 838 F.2d 268, 273, (8th Cir. 1988).  No defense to an insufficient showing is required. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 156 (1970) (citation therein); *Handeen*, 112 F.3d at 1346.

Pursuant to 11 U.S.C. § 523(a)(8), a student loan is not dischargeable, unless "excepting such debt from discharge . . . will impose an undue hardship on the debtor and the debtor's dependents."  A debtor seeking to except a student loan from discharge bears the burden of proving "undue hardship" by a preponderance of the evidence.  *Long v. Educational Credit Management Corp. (In re Long)*, 292 B.R. 635, 638 (B.A.P. 8th Cir.

Re:  *Hup v. Wells Fargo Education Financial Services*
May 18, 2006
Page 2


2003) (citations therein).  In the Eighth Circuit, a bankruptcy court must evaluate the "totality of the circumstances" in determining whether excepting a given student loan from discharge would impose an undue hardship on the debtor.  *Long v. Educational Credit Management Corporation* (*In re Long*), 322 F.3d 549, 553 (8th Cir. 2003).

> In evaluating the totality-of-the-circumstances, our bankruptcy reviewing courts should consider:  (1) the debtor's past, present, and reasonably reliable future financial resources; (2) a calculation of the debtor's and her dependent's reasonable necessary living expenses; and (3) any other relevant facts and circumstances surrounding each particular bankruptcy case.

*Id.* at 554 (citation omitted).  However, "if the debtor's reasonable future financial resources will sufficiently cover payment of the student loan debt – while still allowing for a minimal standard of living – then the debt should not be discharged."  *Id.* at 554-55.

In this case, Plaintiff-Debtor admits in her brief in support of her motion for summary judgment

> [t]he prior determination [of the Administrative Law Judge] is not the end of the first issue (debtor's past, current and reasonably reliable future financial resources) in this dischargeability action.  Whether Debtor has any other prospects for accumulating wealth (e.g. by inheritance) or sources other than employment, is something not covered by the prior action [before the Administrative Law Judge] and will have to be addressed by her testimony or other evidence.

Plaintiff-Debtor herself has thus identified a genuine issue of material fact that precludes granting the relief requested by her motion for summary judgment.

The Court will enter appropriate orders.

Sincerely,

Irvin N. Hoyt
Bankruptcy Judge

On the above date, a copy of this document was mailed or faxed to the parties shown on the attached service list.

Charles L. Nail, Jr.
Clerk, U. S. Bankruptcy Court
District of South Dakota

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered
on the date shown above.

Charles L. Nail, Jr.
Clerk, U.S. Bankruptcy Court
District of South Dakota

cc:  adversary file (docket original in adversary; serve copies on counsel)

Wells Fargo Education Financial Services
PO Box 5185
Sioux Falls, SD 57117-5185